IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY FANDRICH, ALAN SCHAMBOW,
RICH SCHUMACHER and
MICHAEL GARRETT,

                Plaintiffs,

                                          OPINION AND ORDER

     v.

                                          08-cv-726-slc[1]

RICHARD RAEMISCH, Secretary,
Department of Corrections; MATT FRANK,
former Secretary, Department of Corrections;
CATHERINE FARREY, former Warden, New Lisbon
Correctional Institution; and SUSAN NAULT, former
Education Director, New Lisbon Correctional Institution,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

---

[1] Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner.  At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action.  Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

This case was originally filed in the Circuit Court for Dane County, Wisconsin. Defendants removed the case to this court on December 15, 2008. Plaintiffs Larry Fandrich, Alan Schambow and Rich Schumacher are inmates at the New Lisbon Correctional Institution in New Lisbon, Wisconsin. Plaintiff Michael Garrett is incarcerated at the Racine Correctional Institution in Racine, Wisconsin. In this proposed civil action for monetary, injunctive and declaratory relief under 42 U.S.C. § 1983, plaintiffs allege that defendants illegally terminated them from their jobs as tutors in violation of their constitutional rights under the equal protection clause of the Fourteenth Amendment. Plaintiffs are represented by counsel. Although they have paid the filing fee in full, the court must screen the complaint pursuant to 28 U.S.C. § 1915A.

In screening a complaint, the court must interpret a prisoner's claims broadly and dismiss any that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Because plaintiffs' allegations do not overcome the presumption that defendants' actions were rationally related to legitimate penal interests, their claim does not survive constitutional scrutiny. Accordingly, plaintiffs will not be allowed to proceed on their equal protection claim.

I draw the following allegations of fact from plaintiffs' complaint.

2

ALLEGED FACTS

Currently and at all times relevant to this action, plaintiffs Larry Fandrich, Alan Schambow and Rich Schumacher have been inmates at New Lisbon Correctional Institution in New Lisbon, Wisconsin. The institution is a medium security correctional facility. Although plaintiff Michael Garrett is currently an inmate at the Racine Correctional Institution, at all times relevant to this action, he was an inmate at the New Lisbon Correctional Institution. Defendant Richard Raemisch is Secretary of the Wisconsin Department of Corrections. Defendant Matt Frank was the Secretary of the Wisconsin Department of Corrections at all times relevant to this action. Defendant Catherine Farrey is the former warden of the New Lisbon Correctional Institution. Defendant Susan Nault is the former education director at the New Lisbon Correctional Institution.

Until December 2, 2005, plaintiffs were employed as inmate tutors at the New Lisbon Correctional Institution. In these positions, they tutored other inmates. On December 2, 2005, Nault separately summoned plaintiffs and six other tutors to the education department. Nault dismissed all ten men from their tutor positions solely because they were sex offenders. Inmate tutors with homicide, escape and other convictions were not terminated from their tutoring jobs.

Plaintiffs filed an appeal with the institution complaint examiner and were given identical rejection letters, which stated the following:

3

> Per NCLI PnP 600.40, an inmate may be recommended to the department head for removal from his current work assignment when given any two (2) of the following within a 60 day period: an unsatisfactory work evaluation, a work related conduct report or written documentation of negative work related behavior. Additionally, per DOC 309 IMP52, one of the criteria for "assigning, removal, or continued inmate work placement include: 7. Needs of the institution." The Warden of NCLI has an obligation to ensure that all inmates have a safe and secure environment in which to live. Due to the nature of the tutor position at NCLI and the nature of the crime committed by the inmate, it has been determined that it is not in the best interest of the security and safety of the institution for the inmate to hold such a position. Education Department staff have raised security concerns regarding the inmate's familiarity with the department and its staff and the potential for manipulation of staff who's [sic] experience in DOC is overshadowed by that of the inmate. Additionally, the potential for inmate victimization is elevated due to the vulnerability of some inmates in the area. The time spent incarcerated should be in preparation for reintegration into society. With convictions of this nature, the inmate would not be able to obtain similar employment in the community. Therefore, it is expected that similar standards apply at NCLI.

The general terms of the denial did not apply to plaintiffs because none of them received an individualized assessment. Plaintiffs were given 90 days of continuation pay as a sign of good faith while they looked for other positions. Plaintiffs also received a second institution complaint examiner decision that generally stated that the prison had additional security concerns regarding the transfer of contraband.

Plaintiffs' separate appeals to the corrections complaint examiner in Madison, Wisconsin were denied summarily on the ground that the original decisions were "administrative in nature and not reviewable." Separate from the administrative review

4

process, plaintiff Fandrich wrote Warden Timothy Lundquist a letter on May 7, 2006. Lundquist responded on May 16, 2006 by offering to reinstate plainitff Fandrich to an inmate position, but not the position that he had held in his resident unit. Lundquist also offered Fandrich back pay and thanked Fandrich for allowing him the opportunity to "correct the situation." Fandrich declined the offer because he wanted the job in his housing unit. No other plaintiff was offered reinstatement.

Plaintiffs were not offered individualized assessments regarding their fitness to work as tutors and all received positive work evaluations. Fandrich was told that his work was well above average. At least one civilian worker told other inmates that tutors who were sex offenders were removed from their jobs, subjecting plaintiffs to harassment and the risk of being harmed. Plaintiffs suffered lost wages, lost education opportunity, expenses to defend their rights, harassment, anguish and humiliation.

## DISCUSSION

Plaintiffs contend that they did not receive treatment equal to that of other inmate tutors because they were terminated from their jobs solely because they were convicted sex offenders. However, the equal protection clause does not require the government to treat everyone exactly the same regardless of the circumstances; different treatment is permissible so long as there is a rational basis for it. Patrick v. Raemisch, 550 F. Supp. 2d 859, 864

5

(W.D. Wis. 2008) (citing City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 440 (1985)). "In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000).

Under the rational basis standard, "courts presume the constitutionality of the government's classification and it will not be set aside if any state of facts reasonably may be conceived to justify it." Wroblewski v. City of Washburn, 965 F.2d 452, 459 (7th Cir. 1992) (citations omitted). To state a valid claim, plaintiffs' factual allegations must suggest some basis "sufficient to overcome the presumption of rationality that applies to government classifications." St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 639 (7th Cir. 2007) (quoting Wroblewski, 965 F.2d at 460). If a rational basis for the government's actions remains "conceivable and plausible" in the face of plaintiffs' allegations, the equal protection claim should be dismissed for failure to state a claim. Wroblewski, 965 F.2d at 460. Plaintiffs' allegations do not overcome the presumption of rationality.

The rejection letter provides a conceivable and plausible rational basis for defendants' decision, that being the institution's legitimate interests in safety and security. Staff within the education department at the prison raised concerns about the risk of plaintiffs' manipulation of less experienced staff in the department. It also was noted that because

6

certain inmates in the department were vulnerable, they were at risk of being victimized by plaintiffs. The letter pointed out that convicted sex offenders would not be able to obtain similar employment in the community. Although all inmate tutors could pose some risk to others within the institution, it is reasonable to infer that the risk posed by tutors convicted of sex offenses is greater given their position of authority over student inmates and their familiarity with education department staff. Accordingly, I find that plaintiffs fail to overcome the presumption of rationality afforded to government action and am denying them leave to proceed on their equal protection claim.

## ORDER

IT IS ORDERED that

1. This action is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint fails to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment for defendants and close this case.

3. A strike will be recorded against each plaintiff in accordance with 28 U.S.C. § 1915(g).

Entered this 8th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge