IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY FANDRICH, ALAN SCHAMBOW,
RICH SCHUMACHER and
MICHAEL GARRETT,

                Plaintiffs,

                                        OPINION AND ORDER

    v.

                                        08-cv-726-slc

RICHARD RAEMISCH, Secretary,
Department of Corrections; MATT FRANK,
former Secretary, Department of Corrections;
CATHERINE FARREY, former Warden, New Lisbon
Correctional Institution; and SUSAN NAULT, former
Education Director, New Lisbon Correctional Institution,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On January 8, 2009, this court dismissed plaintiffs' complaint, in which plaintiffs alleged that defendants illegally terminated them from their jobs as tutors in violation of their constitutional rights under the equal protection clause of the Fourteenth Amendment. Dkt. #10. I found that plaintiffs failed to overcome the presumption that defendants' actions were rationally related to legitimate penal interests. Plaintiffs have moved for reconsideration of that order, asserting that the court erroneously applied the standard set

1

forth in Wroblewski v. City of Washburn, 965 F.2d 452, 459 (7th Cir. 1992), in which the court of appeals held that the rational basis standard cannot "defeat the plaintiff's benefit of the broad Rule 12(b)(6) standard." Dkt. #12.  I construe plaintiffs' motion as a timely filed motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59.

In order to succeed on a Rule 59 motion, plaintiffs must show that this court "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).  The purpose of a Rule 59 motion is to correct "manifest errors of law or fact."  Oto v. Metro Life Insurance Co., 224 F.3d 601, 606 (7th Cir. 2000); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996).

Plaintiffs have failed to show that the court made errors of law or fact in the screening order.  Although Wroblewski, 965 F.2d at 460, makes clear that the court "must take as true all of the complaint's allegations and reasonable inferences that follow," plaintiff still must allege facts "sufficient to overcome the presumption of rationality that applies to government classifications."  As explained in the dismissal order, a rational basis for the institution's termination of plaintiffs is not only conceivable and plausible, it is directly supported by allegations in the complaint.  See id. (finding same).  The rejection letter that plaintiffs

2

received provides a conceivable and plausible rational basis for defendants' decision, that being the institution's legitimate interests in safety and security.

In their motion, plaintiffs challenge each of defendants' stated reasons for terminating them as tutors, arguing that sex offenders do not pose as great a risk as defendants think they do. Plaintiffs assert that the facts alleged in the complaint fail to show that sex offenders who are familiar with their tutoring jobs are more likely to commit misconduct, victimize their fellow inmates or not find similar jobs in the community. However, plaintiffs cannot state an equal protection claim merely by making conclusory allegations of irrationality. Wroblewski, 965 F.2d at 460. They must point to some fact, that if proven, would suggest irrationality. Id. The complaint alleged only that plaintiffs received positive work evaluations and that no individualized assessments of their fitness to work as tutors were performed. These facts do not controvert defendants' stated reasons or allow an inference to be drawn that sex offenders do not pose legitimate safety and security risks. Flying J Inc. v. City of New Haven, 549 F.3d 538, 545 (7th Cir. 2008) (holding same).

Although I understand that plaintiffs disagree with defendants' reasoning and the court's decision, plaintiffs have not shown that the dismissal of the complaint was manifestly erroneous. Accordingly, plaintiffs' Rule 59 motion will be denied.

If plaintiffs intend to file a notice of appeal, they should be aware that the time for filing an appeal runs for all parties from the date of entry of an order disposing of a timely

3

filed Rule 59 motion. Fed. R. App. P. 4(a)(1)(A) provides that the notice of appeal may be filed by any party within 30 days after the entry of judgment or order appealed from. Therefore, if plaintiffs wish to file an appeal in this case, they have 30 days from the date of entry of this order in which to do so. I express no opinion whether plaintiffs should file a notice of appeal. That decision is plaintiffs' alone, and should be considered carefully in light of the fact that any such appeal will be subject to the 1996 Prison Litigation Reform Act, including the requirement that each plaintiff pay a $455 fee for filing a notice of appeal, Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004) (*each* plaintiff in a group complaint or appeal is considered to be bringing his own action and is therefore responsible for paying separate filings fees) and each will receive a strike if the court of appeals finds the appeal to be legally meritless, Id.

ORDER

IT IS ORDERED that the motion for reconsideration filed by plaintiffs Fandrich, Schambow, Schumacher and Garrett, dkt. #12, is DENIED.

Entered this 5th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5